IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CRIMINAL CASE NO.: |
| TEVIN MCDONALD, | : | 1:22-CR-00335-MHC-JSA |

## REPORT AND RECOMMENDATION

Defendant is before the Court on its prior motion to determine competency [21]. The Defendant has been evaluated by a forensic psychologist, Dr. Dana Formon, Ph.D, who has submitted a report to the Court. A slightly redacted copy of the report has been shared with counsel for the Government and is being filed under seal. Defendant has appeared before the Court on March 22, 2023 for a competency hearing pursuant to 18 U.S.C. § 4241(d), at which hearing counsel for the Government and Defendant stipulated to the redacted report as being admissible for purposes of this hearing and offered no additional testimony.[1]

---

[1] The Defendant was afforded an opportunity to speak on the issue of competency. Defendant made statements not directly relating to the issue of competency but instead expressing his desire to represent himself. For the reasons expressed in Court, the Court agreed to allow Defendant a change in court-appointed counsel at this time, in the hopes that he might be able to forge a more productive relationship with new counsel. The Court, however, indicated that a decision on a request for self-representation would need to await restoration of competency, because the Court is unable to make any necessary findings as to whether the Defendant is knowingly, intelligently, and voluntarily waiving his right to counsel to the extent

1

Consistent with the opinion of the examining psychologist, and as uncontested by the parties, the Court **RECOMMENDS** that the Defendant be found **INCOMPETENT** to stand trial and that he be evaluated further for potential restoration to competency.

Title 18, U.S.C. § 4241, *et seq.*, guides the assessment of a Defendant's competency in federal criminal proceedings.  Section 4241(d) provides that the Court shall find the Defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ."  18 U.S.C. § 4241(d).  The test is "whether [the defendant] has sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam) (construing § 4241's predecessor, 18 U.S.C. § 4244 (1958)).

---

(as Dr. Formon has concluded) the Defendant is not currently mentally competent to make reasonable decisions about his case.

In this case, the Defendant has undergone an examination by Forensic Psychiatrist Dana L. Formon, Psy.D., January 31, 2023. As noted, the parties have stipulated to the admission of Dr. Formon's redacted report into evidence (under seal) without the need for cross examination, and the parties have offered no additional evidence in the record. In sum, Dr. Formon concluded that Defendant is suffering from a mental illness or disease that is currently impairing his ability to understand the nature and consequences of the proceedings against him, to make reasonable decisions about his case, and to effectively assist his lawyer.

The Court has reviewed and places great weight on Dr. Formon's opinion, which is admitted into the record under seal. As there is no contrary evidence introduced by either party, the Court reaches the conclusion offered by Dr. Formon, which is that the Defendant should be declared to be presently incompetent and subjected to further evaluation for potential restoration to competency.

## CONCLUSION

It is **RECOMMENDED** that the Defendant be declared **INCOMPETENT TO STAND TRIAL** and that the Court issue an Order, pursuant to 18 U.S.C. § 4241(d), committing the Defendant to the custody of the Attorney General for hospitalization in a suitable facility and for further evaluation as to whether Defendant can be restored to competency, that is, "whether there is a substantial

probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," § 4241(d)(1), and to recommend the appropriate disposition for the Defendant. The Court's Order should further re-refer the matter back to the undersigned Magistrate Judge for a hearing, within four months of the Court's Order, for a hearing on the question of whether Defendant has been restored to competency.

      IT IS SO RECOMMENDED this 22nd day of March, 2023.

                                  _____
                                  JUSTIN S. ANAND
                                  UNITED STATES MAGISTRATE JUDGE